**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| The C-123 Veterans Association and ) <br> Major Wesley T. Carter (ret.), Chair, ) <br> 1233 Town Center Drive ) <br> Fort Collins, CO 80524 ) <br> ) <br>       Plaintiffs, ) <br> ) <br>  v. ) <br> ) <br> U.S. Department of the Air Force ) <br> 1670 Air Force Pentagon ) <br> Washington, DC 20330-1670 ) <br> ) <br>       Defendants. ) <br> ) | Case No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT**

  Plaintiffs, the C-123 Veterans Association and its Chair, Major Wesley T. Carter (ret.), (collectively, "C-123 Veterans"), for their complaint against defendant Department of the Air Force ("Air Force"), state as follows:

## INTRODUCTION

  1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"), to require the disclosure of agency records that the Air Force has improperly withheld, and for other relief. Specifically, C-123 Veterans seek an order requiring defendant Air Force to provide documents responsive to a FOIA request submitted by C-123 Veterans on October 11, 2013 (the "FOIA Request"), in response to which the agency has yet to provide *any* responsive documents, and indeed has failed to respond substantively *at all*.

  2.  C-123 Veterans is an association of veterans who served our country after the Vietnam War, from 1972-1982, and were exposed to Agent Orange while serving aboard C-123k

or UC-123k ("C-123k") aircraft that had previously sprayed Agent Orange during the war. The C-123 Veterans were unaware when they served that the planes remained contaminated with this deadly toxin. The Air Force and the U.S. Department of Veterans Affairs ("VA"), however, knew about the contamination by the mid-1990s but chose to hide it. In 2010, the Air Force destroyed the evidence – 18 C-123k aircraft that it had quarantined – to avoid publicity, litigation, and responsibility for C-123 Veterans' service-connected benefits and medical care.

3. In 2011, after many C-123 Veterans had fallen ill from presumptively Agent Orange-related diseases, C-123 Veterans discovered the contamination through FOIA requests to the Air Force and VA. Many C-123 Veterans lacked VA disability benefits and medical care, so they applied to the VA for the service-connected benefits and care to which they were entitled.

4. Rather than uphold their duty to serve these veterans, the Air Force and VA stymied C-123 Veterans' efforts time and again. The Air Force and VA concocted faulty science and medicine, skewed reports, and imposed unsupported policies to deny that these admittedly contaminated aircraft meaningfully exposed C-123 Veterans to Agent Orange and caused them significant harm. On that basis, the VA repeatedly denied C-123 Veterans' service-connection claims, leaving many C-123 Veterans without critical benefits and medical care.

5. C-123 Veterans continued to file FOIA requests to try to discover the basis for the Air Force and VA's position, and to unearth facts that support service-connection claims for ailments presumptively related to Agent Orange exposure. But the Air Force and the VA have delayed, failed to respond, failed to consider or unjustifiably denied fee waiver requests, failed to conduct reasonable searches, and/or blithely denied that responsive documents exist. Meanwhile, as the Air Force has stonewalled, and as the VA, with which a related FOIA request was filed, has interposed delays, sick C-123 Veterans have been suffering, and even dying,

without receiving medical care and other benefits to which they should be entitled based on their exposure to Agent Orange.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), as the agency resides in Washington D.C. and, on information and belief, at least some agency records to which Plaintiffs seek access are located in Washington, D.C.

## PARTIES

8. Plaintiff C-123 Veterans Association is an unincorporated nonprofit association under the Uniform Unincorporated Nonprofit Association Act, D.C. Code §§ 29-1101 *et seq.*, Colo. Rev. Stat. §§ 7-30-101 *et seq.*  The C-123 Veterans Association is comprised of approximately 1,500 veterans who served their country aboard C-123k aircraft after the Vietnam War, from 1972 to 1982, many of whom were exposed to Agent Orange and suffer from Agent Orange-presumptive illnesses.  The C-123 Veterans Association's mission is to educate its members, the press, and the public about the Agent Orange exposure of its members, to disseminate information about this exposure through its blog and website, and ultimately, to gain VA and Air Force recognition of the exposure.

9. Plaintiff Air Force Major Wesley T. Carter (ret.) ("Major Carter"), a natural person domiciled in Fort Collins, Colorado, serves as the Chair of the C-123 Veterans Association.

10. Defendant the Air Force is an agency of the United States within the meaning of the FOIA.  The Air Force has possession and control over records described herein that Plaintiffs

seek and it has unlawfully withheld these records.  The agency is a proper party under the FOIA, 5 U.S.C. §§ 552(a)(4)(B) and 552(f)(1).

## BACKGROUND

11. During the Vietnam War, U.S. Air Force C-123k aircraft sprayed Agent Orange to kill vegetation that provided cover for Vietnamese forces.

12. The spraying campaign lasted from 1962-1971 and left the C-123k airplanes contaminated with Agent Orange.

13. Agent Orange is a highly-toxic herbicide that contains the carcinogen 2,3,7,8-Tetrachlorodibenzodioxin ("dioxin" or "TCCD").

14. After the spraying campaign ended, the Air Force removed the spraying apparatus from the planes, but it did not decontaminate them.  Rather, the Air Force reassigned a number of these C-123k aircraft to Air Force Reserve and Air National Guard units stationed in the United States.  *See* Steve Vogel*, Agent Orange's Reach Beyond the Vietnam War*, Wash. Post, Aug. 3, 2013, *available at* http://www.washingtonpost.com/politics/agent-oranges-reach-beyond-the-vietnam-war/2013/08/03/803e57c0-e816-11e2-aa9f-c03a72e2d342_story.html ("*Agent Orange's Reach Beyond the Vietnam War*").

15. From 1972 to 1982, approximately 1,500 reservists flew cargo and medical missions in C-123 aircraft across the United States and Europe, unaware that they worked, ate, and slept in dioxin-contaminated planes.

16. In 1991, Congress passed the Agent Orange Act, which provides a presumption of service-connection for (1) diseases associated with exposure to herbicides based on sound scientific and medical evidence; and, (2) veterans who served in Vietnam.  38 U.S.C. § 1116.  Congress passed the law after the VA established a pattern of denying veterans' claims for

COMPLAINT FOR VIOLATION OF THE
FREEDOM OF INFORMATION ACT - 4

service-connected disability medical benefits and disability compensation arising from exposure to Agent Orange.

17. In 1994, Air Force toxicologists at Wright-Patterson Air Force Base tested one of these C-123k planes, called "Patches," for Agent Orange contamination.

18. The Air Force found the "Patches" plane was "heavily contaminated" with Agent Orange dioxin on all tested surfaces. *See* Steve Vogel, *VA Reverses Denial of Benefits for Veteran in Agent Orange-Related Case*, Wash. Post, Aug. 7, 2013, *available at* http://www.washingtonpost.com/politics/va-reverses-denial-of-benefits-for-veteran-in-agent-orange-related-case/2013/08/07/7cf1a680-ff81-11e2-96a8-d3b921c0924a_story.html.

19. Coincidentally, Major Carter served aboard "Patches" after the Vietnam War.

20. The Air Force hid the contamination from the veterans who flew on C-123k planes.

21. In 1996, the Air Force conducted new tests and found evidence of dioxin contamination in 18 C-123k planes. *See Agent Orange's Reach Beyond the Vietnam War*, *supra*. As a result, the Air Force withdrew plans to sell some of these decommissioned C-123ks to the private sector.

22. The Air Force quarantined these aircraft in the "Boneyard," a storage facility on an Air Force base in Arizona.

23. The Air Force later smelted 18 of the C-123k planes stored in the "Boneyard" (in 2010) to avoid media publicity, litigation, and responsibility for presumptive compensation for Agent Orange exposure. *See Agent Orange's Reach Beyond the Vietnam War*, *supra*.

24. The Air Force chose not to inform C-123 Veterans of the destruction.

25. In 2001, the Department of Veterans Affairs determined that its regulations promulgated under the Agent Orange Act applied the presumption of service connection to veterans who did not serve in Vietnam, but who nevertheless were exposed to herbicides and suffered from a recognized Agent Orange-related illness. *See* 66 Fed. Reg. 23166, 23166 (May 8, 2001) ("[I]f a veteran who did not serve in the Republic of Vietnam, but was exposed to an herbicide agent defined in 38 C.F.R. 3.307(a)(6) during active military service, has a disease on the list of diseases subject to presumptive service connection, VA will presume that the disease is due to the exposure to herbicides.").

26. Under this standard, C-123 Veterans are entitled to a finding of service connection if they were exposed to Agent Orange and suffer from an Agent Orange-presumptive illness.

27. It was only through a FOIA request to the Air Force in May 2011 that C-123 Veterans became aware of the C-123 contamination.

28. Upon learning of the contamination, these veterans sought a determination of service connection from the VA based on their exposure and Agent Orange-presumptive illnesses.

29. Indeed, in 2012, the Center for Disease Control and Prevention's Agency for Toxic Substances and Disease Registry ("ATSDR") found that C-123 Veterans likely were exposed to Agent Orange. *See* Patricia Kime, *Vets Battle VA on Post-Vietnam Agent Orange Claims: Say C-123 "Spray Birds" Caused Illnesses Long After War*, Marine Corps Times, Mar. 11, 2014, *available at* http://www.marinecorpstimes.com/article/20140311/BENEFITS06/303110036/Vets-battle-VA-post-Vietnam-Agent-Orange-claims ("*Vets Battle VA*").

30. The ATSDR found that wipe samples of C-123k aircraft from 1994 tested 182 times higher for dioxin than the standards set by the Army Center for Health Promotion and Preventative Medicine. Wipe samples the ATSDR analyzed showed a 200-fold increased cancer risk from that amount of dioxin.

31. Given C-123 Veterans' concerns, the Air Force also studied the issue. It embarked on an exposure assessment that was, in part, intended to gather all post-Vietnam War Agent Orange C-123k contamination documentation into one location and to analyze that information.

32. On April 27, 2012, the Air Force found in a Consultative Letter entitled *UC-123 Agent Orange Exposure Assessment, Post-Vietnam, (1972-1982)* that the C-123 Veterans were not signficantly exposed to Agent Orange and that any exposure was unlikely to cause adverse health effects. A copy of the Consultative Letter is attached as Appendix A.

33. The Consultative Letter relied on an insufficient review of relevant authority and faulty science to reach its conclusion.

34. The VA relied on the Consultative Letter to reaffirm its stance against C-123 Veterans' claims. *Agent Orange Residue on Post-Vietnam War Airplanes*, VA Office of Public Health, http://www.publichealth.va.gov/exposures/agentorange/locations/residue-c123-aircraft/index.asp (last visited Mar. 27, 2014).

35. C-123 Veterans support their claims for service conection with evidence from other federal agencies (such as the CDC's ATSDR), universities, independent physicians, and independent scientists, all of whom have found that C-123 Veterans were signficantly exposed to Agent Orange.

COMPLAINT FOR VIOLATION OF THE
FREEDOM OF INFORMATION ACT - 7

36.     In February 2014, a peer-reviewed article in the scientific journal *Environmental Research* debunked the VA and Air Force's scientific theories, concluding that C-123 Veterans likely were exposed to dioxin beyond accepted levels by inhaling, ingesting, and absorbing it through their skin.  *See* Patricia Kime, *Vets Battle VA on Post-Vietnam Agent Orange Claims: Say C-123 "Spray Birds" Caused Illnesses Long After War*, Marine Corps Times, Mar. 11, 2014, *available at*  http://www.marinecorpstimes.com/article/20140311/BENEFITS06/ 303110036/ Vets-battle-VA-post-Vietnam-Agent-Orange-claims.

37.     One of the scientists who authored the *Environmental Research* article had previously served as one of the scientists working for the Air Force on the Consultative Letter.

38.     Over the past several years, C-123 Veterans have filed numerous FOIA requests with the Air Force (and VA) to reveal the scientific, factual, and policy basis underlying the agencies' denial of exposure and benefits to these deserving veterans.  These efforts have culminated in the present FOIA Request, in response to which the Air Force failed to adequately search for responsive records or to produce any responsive documents.

## FACTS

39.     Against the backdrop described above, C-123 Veterans, by counsel and on behalf of members, submitted a request under FOIA to the Air Force on October 11, 2013, which asked the agency to provide copies of the following records:

- All records from 1994 to date regarding the decision to undertake the assessment of C-123 Veterans' Agent Orange exposure that culminated in publication of the Consultative Letter, or containing details of the scope of the assessment as planned and as carried out (if different).

- All records from 1994 to date containing names of individuals who conducted research for the Consultative Letter and their professional qualifications, and all records regarding selection of report personnel and final authors (if different, and if different, documents indicating why initial researchers did not prepare the final Consultative Letter).

- All records that the researchers for the Consultative Letter compiled that concern C-123k contamination, and/or that contain details of all three decontaminations of C-123k Tail #362 at the National Museum of the Air Force, along with copies of all reference materials relied upon by any researchers and/or report authors.

- All records relied upon by researchers as the factual and scientific basis for the conclusions in the Consultative Letter that C-123k Veterans were not exposed to Agent Orange.

- All records from 1994 to date that constitute or contain (1) preliminary findings of the report, (2) drafts or variations of the report that differ from the final Consultative Letter (if any), (3) dissenting opinions of researchers (if any), and/or (4) notes taken by all meeting participants and superiors regarding all stages of the assessment and report.

- All records from 1994 to date containing correspondence among researchers and authors of the report regarding the Consultative Letter and correspondence from the U.S. Air Force School of Aerospace Medicine ("USAFSAM"), U.S. Air Force Material Command or its predecessor agencies ("AFMC"), Air Force Armstrong Labs, or Air Force Surgeon General, on the one hand, and the VA, on the other hand, to the extent such correspondence relates to C-123k Agent Orange exposure.

- All records from 1994 to date concerning the review process for the Consultative Letter, including but not limited to operating instructions and internal procedures imposed by: (1) USAFSAM, (2) other agencies within the AFMC, including but not limited to the Air Force Surgeon General, (3) the Air Force Legislative Liaison, (4) the VA, (4) the Centers for Disease Control and Prevention or its component Agency for Toxic Substances & Disease Registry ("ATSDR"), or (5) U.S. Air Force Security Assistance Center.

- All records from 1994 to date containing the names and/or contribution(s) by any professionals providing peer review or outside consultation for the Consultative Letter, or containing any conclusion that peer review was necessary or unnecessary.

A copy of the FOIA Request is attached as Appendix B.

40. The FOIA Request asked for all non-exempt reasonably segregable portions of any records withheld, and a detailed justification and index for any withholding. C-123 Veterans expressed willingness to discuss any questions in order to expedite processing of the request.

41. In addition, C-123 Veterans sought in the FOIA Request a waiver of fees as a "representative of the news media" seeking records for non-commercial use. C-123 Veterans

asserted that fees should be waived because disclosure of the requested information is in the public interest as it is likely to contribute significantly to the public's understanding of government operations and activities, and is not primarily in C-123 Veterans' commercial interest.

42. The Air Force confirmed receipt of the FOIA Request by letter dated October 18, 2013, which assigned it case number 2014-00247-F, and stated that the Air Force would "provide … our release determination by 13 November 2013." A copy of the October 18 acknowledgment letter is attached as Appendix C. By letter dated October 24, 2013, the Air Force stated that the FOIA Request had been assigned to Wright-Patterson AFB and assigned the additional case number 2014-00423-F ST2. A copy of the October 24 acknowledgment letter is attached as Appendix D.

43. The October 24 letter also denied C-123 Veterans' request for fee waiver. The denial consisted of a summary, hand-written note stating only: "Request for fee waiver is denied. Does not reach a large portion of the general public."

44. Under 5 U.S.C. § 552(a)(6)(A)(i) and DOD5400.7-R_AFMAN 33-302 C5.2.5, the Air Force was required to respond to the FOIA Request by November 13, 2013, twenty working days after receipt of the FOIA Request, or at the latest by November 27, 2013, if it exercised the ten-day extension permitted under 5 U.S.C. § 552(a)(6)(B) when unusual circumstances are present (which they are not here).

45. On December 16, 2013, having received no response from the Air Force to the FOIA Request, C-123 Veterans filed an administrative appeal of the denial of the fee waiver and of the Air Force's inaction otherwise in response to the FOIA Request. A copy of the administrative appeal is attached as Appendix E.

46. By letter dated January 14, 2014, the Air Force, "[t]aking into consideration [C-123 Veterans'] stated intention to 'share the results of its investigation with the public through its website, books, and its intention to disseminate this information further through other news outlets,'" agreed to waive fees related to the FOIA Request. A copy of the letter granting the fee waiver is attached as Appendix F. The Air Force's letter did not respond to the underlying FOIA Request itself.

47. Finally, on February 3, 2014, more than two months after the response deadline passed, the Air Force sent a letter stating that the Air Force would produce a response "no later than 3 April 2014." A copy of the February 3 letter is attached as Appendix G ("Extension Letter"). It further stated that an appeal could be filed from the determination that an extension is required, within 60 days.

48. The Extension Letter failed to acknowledge that the Air Force was required to respond to the FOIA Request by November 13, 2013, or at the latest by November 27, 2013, and that it had failed to do so. It likewise failed to acknowledge that C-123 Veterans had *already* appealed the Air Force's non-response on December 16, 2013, and that the Air Force likewise failed to issue a decision on that appeal, which was due at the latest by January 30, 2014 under 5 U.S.C.§ 552(a)(6)(A)(ii) and DOD5400.7-R_AFMAN 33-302 C5.3.4.

49. On February 10, 2014, in response to the Extension Letter, C-123 Veterans filed a Supplement to their Administrative Appeal, asking the Air Force to grant C-123 Veterans' appeal, without prejudice to their claim that, because the Air Force failed to respond to the FOIA Request within the statutory time limit, the Extension Letter has no effect. A copy of the supplemental appeal is attached as Appendix H. C-123 Veterans also requested that the Appeal

Supplement be deemed a part of, and incorporated into, the original appeal, which has now been pending for more than three months.

50.     Under its own regulation DOD5400.7-R_AFMAN 33-302 C5.3.4, the Air Force was required to respond to C-123 Veterans' Supplement to its Appeal by March 11, 2014. Nevertheless, C-123 Veterans have received no response to the original FOIA Request, the Appeal, or the Supplement to the Appeal.

## **CLAIM FOR RELIEF**

51.     Plaintiffs restate and reincorporate paragraphs 1 through 50 above as if fully set forth herein.

52.     C-123 Veterans filed FOIA Request 2014-00247-F/2014-00423-F ST2 with the Air Force under the FOIA on October 11, 2013, requesting a fee waiver and seeking access to records concerning the scientific basis and process by which the Air Force concluded that C-123 Veterans were not exposed to Agent Orange.

53.     Although 5 U.S.C. § 552(a)(6)(A)(i) requires the Air Force to issue a determination on C-123 Veterans' FOIA Request within twenty working days after receipt, with at most one ten-working-day extension under 5 U.S.C. § 552(a)(6)(B), the Air Force has not yet made any determination on C-123 Veterans' request and has not disclosed the requested records.

54.     C-123 Veterans have a statutory right to the agency records they requested from the Air Force under the FOIA, and there is no legal basis for the defendant Air Force to withhold the records.

55.     C-123 Veterans timely filed an administrative appeal citing the Air Force's failure to respond to the FOIA Request within the statutory deadline.

56.     Although 5 U.S.C. § 552(a)(6)(A)(ii) specifies that the Air Force must resolve administrative appeals of FOIA actions within twenty working days, with at most one ten-

COMPLAINT FOR VIOLATION OF THE
FREEDOM OF INFORMATION ACT - 12

working-day extension under 5 U.S.C. § 552(a)(6)(B), the Air Force has to date not acted upon C-123 Veterans' administrative appeal.

57. Because the Air Force has not responded within the statutory time limits, C-123 Veterans have exhausted their administdrative remedies and may bring suit under 5 U.S.C. § 552(a)(6)(C).

58. The Air Force's failure to act on C-123 Veterans' FOIA Request and administrative appeal violates the statutory obligation to make agency records available under 5 U.S.C. § 552(a)(6).

59. The Air Force's failure to act on C-123 Veterans' FOIA Request and administrative appeal violates the statutory time limits set forth in 5 U.S.C. § 552(a)(6) for responding to C-123 Veterans' FOIA Request.

60. As a result of these actions, the Air Force violated the FOIA by denying C-123 Veterans access to records to which C-123 Veterans were entitled.

## **RELIEF**

WHEREFORE, Plaintiffs pray for an order expediting proceedings on this Complaint and for judgment:

1. Declaring that the agency's failure to disclose the records Plaintiffs requested is unlawful;

2. Enjoining the agency from withholding the requested records;

3. Ordering the agency to make the requested records immediately available to Plaintiffs;

4. Awarding Plaintiffs costs and reasonable attorneys' fees in this action; and

5. Granting such other and further relief as is just and proper.

Dated this 27th day of March, 2014.

        Respectfully submitted,

        DAVIS WRIGHT TREMAINE LLP

        _____
        Ronald G. London – Bar No. 456284
        Micah J. Ratner – Bar No. 996955
        Adam Shoemaker – Bar No. 998763
        Davis Wright Tremaine LLP
        1919 Pennsylvania Avenue, N.W., Suite 800
        Washington, DC  20006
        (202) 973-4200
        ronnielondon@dwt.com
        micahratner@dwt.com
        adamshoemaker@dwt.com

        *Attorneys for Plaintiffs The C-123 Veterans*
        *Association and Major Wesley T. Carter*

Address of Plaintiffs:

The C-123 Veterans Association and
Major Wesley T. Carter (ret.)
1233 Town Center Drive
Fort Collins, CO 80524

COMPLAINT FOR VIOLATION OF THE
FREEDOM OF INFORMATION ACT - 14